## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ROSALIND MANSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **5:17-cv-00194-MTT** |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PORTFOLIO RECOVERY ASSOCIATES, LLC'S
## ANSWER TO COMPLAINT

**COMES NOW** defendant Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel, appearing specially and specifically reserving its right to seek arbitration pursuant to 9 U.S.C. § 1 *et seq.*, and for its Answer to the Complaint filed by plaintiff Rosalind Manson ("Plaintiff"), hereby states as follows:

## I.   Introduction

1.     Defendant admits that it obtained a Synchrony Bank credit card debt that is now due and owing to Defendant.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 1 of the Complaint and demands strict proof thereof.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint and demands strict proof thereof.

3.      The allegations contained in Paragraph 3 of the Complaint are argumentative, bear no relevance to this case and do not require a response from Defendant.  To the extent a response is required, the referenced consent order specifically states that PRA did not admit any of the facts or conclusions of law found in the consent order.  *See* ¶ 2, Consent Order.  Defendant further states that referenced consent order speaks for itself and denies any characterization or representation inconsistent with same.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 3 of the Complaint and demands strict proof thereof..

4.      Defendant denies the allegations in Paragraph 4 of the Complaint and demands strict proof thereof.

## II.   **Parties, Jurisdiction and Venue**

5.      Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same and demands strict proof thereof.

6.      Defendant admits that it is a Delaware limited liability company with its principal place of business in Norfolk, Virginia and that it has sought the collection of defaulted debts due and owing to Defendant from individuals located

in Georgia.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 6 of the Complaint and demands strict proof thereof.

7.     Defendant admits that it is a Delaware limited liability company with its principal place of business in Norfolk, Virginia.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 7 of the Complaint and demands strict proof thereof.

8.     Defendant admits that Corporation Service Company is its registered agent.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 8 of the Complaint and demands strict proof thereof.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint and demands strict proof thereof.

10.     Defendant admits that it telephoned Plaintiff, as well as corresponded with Plaintiff via mail.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 10 of the Complaint and demands strict proof thereof.

11.     In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that the statutes referenced therein confer jurisdiction but denies that jurisdiction is appropriate as to Defendant because it has not violated any law.

12.     In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that the statute referenced therein confers jurisdiction but denies that jurisdiction is appropriate as to Defendant because it has not violated any law.

29852328 v1

13.     Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same and demands strict proof thereof.

## III.   Law Relevant to Plaintiff's Claims

14.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

15.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

16.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

17.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

18.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

19.     Defendant states that the GFBPA speaks for itself and denies any characterization or representation inconsistent with same.

20.     Defendant states that the GFBPA speaks for itself and denies any characterization or representation inconsistent with same.

21.    The allegations in Paragraph 21 of the Complaint contain a legal conclusion, to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the same and demands strict proof thereof.

## IV.    **Factual Allegations**

22.    Defendant admits that it obtained Plaintiff's Synchrony Bank credit card debt that is now due and owing to Defendant.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 22 of the Complaint and demands strict proof thereof.

23.    The allegations in Paragraph 23 of the Complaint contain a legal conclusion, to which Defendant is not required to respond. To the extent that a response is required, Defendant states that it is without sufficient knowledge and information to admit or deny whether Plaintiff constitutes a "consumer" as defined by the FDCPA, and therefore denies the same and demands strict proof thereof.

24.    The allegations in Paragraph 24 of the Complaint contain a legal conclusion, to which Defendant is not required to respond.  To the extent that a response is required, Defendant is without sufficient knowledge or information to admit or deny whether it was a "debt collector" with respect to Plaintiff, and therefore denies the same and demands strict proof thereof.

25.     Defendant admits that Plaintiff has defaulted on the debt at issue. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant admits that the referenced letter speaks for itself and denies any characterization or representation inconsistent with same.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 26 and demands strict proof thereof.

27.     Defendant admits that the referenced letter speaks for itself and denies any characterization or representation inconsistent with same.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 27 and demands strict proof thereof.

28.     Defendant admits that the referenced letter speaks for itself and denies any characterization or representation inconsistent with same.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 28 and demands strict proof thereof.

29.     The allegations in Paragraph 29 of the Complaint contain a legal conclusion, to which Defendant is not required to respond. To the extent that a response is required, Defendant states that the referenced letter of counsel speaks for itself and denies any characterization or representation inconsistent with same.

30.     Defendant admits that the referenced letter speaks for itself and denies any characterization or representation inconsistent with same.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 30 and demands strict proof thereof.

31.     Defendant admits that it provided information from Synchrony Bank, the original creditor, in its response to Plaintiff's counsel's letter.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 31 and demands strict proof thereof.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint and demands strict proof thereof.

**V.      Damages**

33.     Defendant states that the FDCPA speaks for itself and denies any characterization or representation inconsistent with same.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint and demands strict proof thereof.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint and demands strict proof thereof.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint and demands strict proof thereof.

## **Count I - Violations of the FDCPA**

37.    Defendant incorporates all of its prior responses as if set forth specifically herein.

38.    Defendant denies the allegations in Paragraph 38 of the Complaint and demands strict proof thereof.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint and demands strict proof thereof.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any actual damages or any other relief whatsoever and demands strict proof thereof.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any statutory damages or any other relief whatsoever and demands strict proof thereof.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any attorneys' fees, expenses or any other relief whatsoever and demands strict proof thereof.

## **Count II - Violations of the GFBPA**

43.    Defendant incorporates all of its prior responses as if set forth specifically herein.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint and demands strict proof thereof.

45.    Defendant denies the allegations in Paragraph 45 of the Complaint and demands strict proof thereof.

46.    Defendant denies the allegations in Paragraph 46 of the Complaint and demands strict proof thereof.

47.    Defendant denies the allegations in Paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant denies the allegations in Paragraph 48 of the Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any treble damages or any other relief whatsoever and demands strict proof thereof.

49.    Defendant denies the allegations in Paragraph 49 of the Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any attorneys' fees, expenses or any other relief whatsoever and demands strict proof thereof.

## Count III - Negligence

50.     Defendant incorporates all of its prior responses as if set forth specifically herein.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint and demands strict proof thereof.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint and demands strict proof thereof.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint and demands strict proof thereof.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint and demands strict proof thereof.

## Demand for a Jury Trial

55.     Defendant admits that Plaintiff has requested a trial by jury, however, Defendant denies that Plaintiff should be entitled to a jury trial as Defendant has not committed any violation of the law.

In response to the prayer for relief following Paragraph 55 of Plaintiff's Complaint, beginning with WHEREFORE, Defendant denies that Plaintiff is entitled to any actual damages, statutory damages, treble damages, costs, attorney's fees, interest or any other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against Defendant, Plaintiff's claims against Defendant are subject to arbitration.

### SECOND DEFENSE

Plaintiff's claims against Defendant fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

### FIFTH DEFENSE

Defendant pleads the affirmative defense of contributory negligence.

### SIXTH DEFENSE

Defendant did not breach any alleged duty owed to Plaintiff.

### SEVENTH DEFENSE

Defendant denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## EIGHTH DEFENSE

Defendant pleads the defense of lack of causal relation between its conduct and the damages alleged.

## NINTH DEFENSE

The claims asserted by Plaintiff against Defendant are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## TENTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of waiver, estoppel, laches, release, unclean hands, consent, ratification, acquiescence and/or accord and satisfaction.

## ELEVENTH DEFENSE

Defendant pleads privilege, justification and/or immunity.

## TWELFTH DEFENSE

At all times, Defendant acted in good faith and without malice or intent to injure Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff lacks standing.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages, if any.

## FIFTEENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

## SIXTEENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendant had no responsibility or control, and/or who were acting beyond the scope or supervision of Defendant, and for whom Defendant is not responsible and may not be held liable.

## SEVENTEENTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## EIGHTEENTH DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act, including that Plaintiff's claim is

barred by the bona fide error defense and that Defendant's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

## NINETEENTH DEFENSE

Defendant affirmatively invokes and asserts all defenses and rights created by and under Georgia's Fair Business Practices Act ("GFBPA").

## TWENTIETH DEFENSE

Plaintiff's claim under the GFBPA is barred because the GFBPA does not encompass cases based upon allegedly deceptive or unfair acts or practices which occur in a private transaction.

## TWENTY-FIRST DEFENSE

Plaintiff's claim under the GFBPA is barred because no act alleged in the Complaint harmed the public in general.

## TWENTY-SECOND DEFENSE

Plaintiff's claim under the GFBPA fails because the transactions between Plaintiff and Defendant and the actions allegedly taken by Defendant were exempt from coverage under the statute.

## TWENTY-THIRD DEFENSE

Plaintiff's claim under the GFBPA fails because Defendant did nothing to violate the statute, must less intentionally.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to provide Defendant with proper notice.

## TWENTY-FIFTH DEFENSE

An award to Plaintiff of treble damages would violate Defendant's rights under both the Georgia and United States Constitutions.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover attorney's fees or costs.

## TWENTY-SEVENTH DEFENSE

Any violation of law, which Defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 14th day of June, 2017.

s/ Alan D. Leeth
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
Louis G. Fiorilla
Georgia Bar No. 910188
lfiorilla@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2017, I presented the foregoing **PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER TO COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ronald Edward Daniels                Clifford Carlson
Daniels Law LLC                      Cliff Carlson Law, P.C.
P. O. Box 1834                       114-C1 Highway 96 #347
Perry, GA  31069                     Kathleen, GA 31047


I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:

NONE

_s/ Alan D. Leeth_____
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363