# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROSALIND MANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-194 (MTT) |
| | ) |
| PORTFOLIO RECOVERY ASSOCS., LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Plaintiff has moved for attorney's fees in this Fair Debt Collection Practices Act case in which the Plaintiff accepted the Defendant's offer of judgment of $1,001. Docs. 8; 10. The Plaintiff requests $8,031.24: $7,600 in attorney's fees (30.4 hours at $250 per hour) and $431.24 in costs. Doc. 10. The Defendant argues that the Plaintiff is only entitled to $2,845. Doc. 11 at 22. As discussed below, the Court finds that the Plaintiff's claim should be reduced by 7.1 hours, and she should be awarded $5,825 (23.3 hours at $250 per hour) and $431.24 in reasonable costs. Accordingly, the Defendant is **ORDERED** to pay the Plaintiff $6,256.24.

## I. BACKGROUND

On May 21, 2017, the Plaintiff filed this action. Doc. 1. The Plaintiff claimed that the Defendant (1) "violated the FDCPA by sending letters containing false representations, misleading representations, and engaging in deceptive means in furtherance of their debt collection business, seeking to collect amounts not authorized by contract or statute, and engaging in unfair and unconscionable acts as described

hereinabove;" (2) "violated the [Georgia Fair Business Practices Act] by violating the FDCPA;" and (3) "is liable for the negligence of its employees, attorneys, and agents." *Id.* at ¶¶ 38, 44, 51. On June 21, the Plaintiff accepted the Defendant's offer of judgment in the amount of $1,001 in "statutory and actual damages." Doc. 8 at 1. The accepted offer of judgment also awarded "attorney's fees and costs . . . to be fixed by the Court in accordance with applicable law if the parties cannot agree on an amount," and it specified that "[t]his offer contemplates all of Plaintiff's claims asserted against Defendant." Doc. 8-1 at ¶¶ 3-4. On June 30, the Clerk of Court entered judgment in favor of the Plaintiff and against the Defendant. Doc. 9.

The parties were unable to agree on attorney's fees and costs, and the Plaintiff has moved the Court to award attorney's fees. The Plaintiff asserts that attorney's fees and costs in the amount of $8,031.24 are due. Doc. 10. The Defendant counters that the Court should reduce the claimed award to $2,845. Doc. 11.

## II. DISCUSSION

### A. Attorney's Fees and Costs Standard

"[T]he costs of the action, together with a reasonable attorney's fee as determined by the court," are available for prevailing plaintiffs under the FDCPA. 15 U.S.C. § 1692k(a)(3). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted).[1] This number is called the "lodestar," and

---

[1] In *Bivens*, the district court had determined attorney's fees under § 1988, not the FDCPA. *Bivens*, 548 F.3d at 1350. But the Supreme Court has observed that Congress generally patterns attorney's fees provisions of new statutes on those provisions of pre-existing statutes and "[t]he standards set forth in this

"there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Id.* (citation and quotation marks omitted). The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required, (2) the novelty and difficulty, (3) the skill required to perform the legal service properly, (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money at issue and the results obtained, (9) the experience and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974)[2]; *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees."). Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

---

opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (citations omitted).

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

The Plaintiff documents her counsel's work in affidavits and attached time summaries. Docs. 10-2; 10-3. The Defendant does not contest the availability of attorney's fees and costs, the timeliness of the motion, the accuracy or sufficiency of the Plaintiff's documentation, the Plaintiff's counsel's rate of $250 per hour, or many of the other *Johnson* factors. *See generally* Doc. 11. Rather, the Defendant argues that the Plaintiff's request for attorney's fees and costs is not reasonable because (1) the short duration, simplicity of the issues, and relatively small recovery in this case make the Plaintiff's requested fee award excessive; and (2) some of the tasks and costs for which the Plaintiff's counsel billed were unnecessary or duplicative. *See generally id.* The Court agrees with the parties that the Plaintiff's request only raises several of the *Johnson* reasonableness factors. The Court considers the general appropriateness of the Plaintiff's requested award then examines each contested task in turn for reasonableness.

**B.    Case Duration, Simplicity, and Outcome**

The Defendant argues that the Plaintiff should receive less than her request due to the relatively small recovery of the Plaintiff, the short duration of the case, and the simplicity of the issues presented. Doc. 11 at 5-9. But these factors, without more, do not make a claim for $8,031.24 in attorney's fees and costs categorically "excessive." *Id.* at 5.

The Plaintiff requests attorney's fees and costs totaling $8,031.24, while the Plaintiff's recovery was only $1,001.[3] But the FDCPA's attorney's fees provision is designed to incentivize attorneys to pursue cases, and an inflexible consideration of the

---

[3] The award of $1,001, which encompassed "all of Plaintiff's claims asserted against Defendant," exceeded the statutory maximum for a FDCPA claim. Doc. 8-1 at ¶ 4; *see* 15 U.S.C. § 1692k(a)(2)(A) (setting the statutory maximum for damages for a FDCPA claim at $1,000).

proportionality of damages to a fee award "tends to diminish the public benefit, to make the fee depend upon substantiality of monetary relief, and to reduce the inquiry to the arithmetical exercise rejected by the Supreme Court in *Evans v. Jeff D.*, 475 U.S. [717,] 736 [(1986)]." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

As to the short duration of the case and the simplicity of the issue presented, the Court finds that the best way to determine the reasonableness of the Plaintiff's request is to consider the specific hours and costs claimed. *See Bivins*, 548 at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." (citation omitted)).

**C.**     **Pre-filing Communication with Defendant**

The Defendant argues that "the $236.24 [0.9 hours of attorney work claimed and $11.24 in costs] incurred by Plaintiff in sending the validation demand letter should be excluded from any fee award" because litigation had not yet begun at the time the letter was sent. Doc. 11 at 9-10. But reasonable attorney's fees and costs include those "incurred in case preparation" as well as "during the course of litigation, or as an aspect of settlement of the case." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1188, 1192 (11th Cir. 1983); *see also Thompson v. Equifax Credit Info. Servs., Inc.*, 2003 WL 1579757, at *2 (citing *Dowdell* in noting "there is precedent for awarding fees for work expended even before an attorney is formally representing a client"). The Court finds that the Plaintiff's claim for 0.9 hours and $11.24 in costs is reasonable.

### D. Meeting with the Plaintiff

The Defendant next argues that the Plaintiff's billed 4.9 hours meeting with the Plaintiff is unreasonable because there was little in the case yet to discuss and because this "appears to request compensation for what [the Plaintiff's counsel] advertises on his own website to be a 'free' initial consultation." Doc. 11 at 10-11. The Defendant argues that the time spent meeting with the Plaintiff be reduced to 1.5 hours or, "at a minimum, the 1.2 hours of the initial consultation be eliminated from Plaintiff's recovery." *Id.* at 11. The Defendant cites a District of New Jersey case, *Roccisano v. Township of Franklin*, for the proposition that the Plaintiff's counsel's advertisement, indicating a free initial consultation, justify the district court refusing to bill the Defendant for that time. 2015 WL 3649149, at *10. But *Roccisano* is not binding precedent, and the Court declines to categorize less than five hours meeting with a client as "excessive, redundant, or otherwise unnecessary," regardless of two sentences on the Plaintiff's counsel's web site. *Hensley*, 461 U.S. at 434.

Accordingly, the Court finds that the 4.9 hours the Plaintiff claims is reasonable.

### E. Drafting the Complaint

The Defendant next argues that the Plaintiff's request for seven hours is unreasonable to prepare "a largely boilerplate complaint" which mostly matched "at least five complaints against [the Defendant]" filed by the Plaintiff's counsel. Doc. 11 at 11-15. The Defendant points out that the complaints are "largely identical," even to the point that the same typographical errors appear in each. *Id.* at 12. The Plaintiff concedes that the complaint in this case "contains several paragraphs that are similar or track paragraphs in other complaints. Doc. 12 at 5. The Plaintiff argues that "counsel

has an ethical and legal obligation to ensure the allegations in the complaint apply to the facts and circumstances of this particular case" and therefore the time charged was necessary to review previous complaints filed against the Defendant and conform this complaint to the facts of this case. *Id.* at 5-6.

The Court agrees with the Plaintiff that the Plaintiff was obligated to carefully review its prior complaints to make sure those provisions were appropriate for the case at bar. But the Court also agrees with the Defendant that the complaint in this case was "largely identical" to previous complaints and that the allegations specific only to the case at bar were minimal.

Accordingly, the Court finds that the Plaintiff's claim for seven hours in unreasonable, and the Court finds instead that 3.5 hours is a reasonable claim for drafting and reviewing the complaint.

**F.     Reviewing the Defendant's Answer and Affirmative Defenses**

The Defendant also argues that "[t]here is absolutely no rational justification for spending [eight hours] reviewing [the Defendant]'s Answer." Doc. 11 at 15. The Defendant asserts that the answer and the affirmative defenses should have been reviewed more efficiently, since (1) only a small number of the answer's paragraphs contained facts specific to the Plaintiff's case, (2) the Defendant asserted many of its affirmative defenses only to preserve them as the case progressed, and (3) the Plaintiff could have asked the Defendant questions about the affirmative defenses rather than spending so much time researching the issues. *Id.* at 15-18. And the Defendant also argues that the Plaintiff's billing for "[p]ut answer in comparison sheet and initial review of responses" must be "struck as overly vague." *Id.* at 15 n.5. In total, the Defendant

requests the Court reduce this facet of the Plaintiff's attorney's fees and costs from eight hours "to, at most, 0.5 hours." *Id.* at 18.

The Court agrees with the Plaintiff: "[The Plaintiff] and her counsel should not be punished for [the Defendant]'s strategic choice of filing an answer and subsequently mailing an Offer of Judgment the next day." Doc. 12 at 8. The Defendant answered the Plaintiff's complaint and asserted several affirmative defenses in that complaint. The Court does not find the Plaintiff's review and research of the answer "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Accordingly, the Court finds that the Plaintiff's claim of eight hours to review the answer and affirmative defenses is reasonable.

**G.    Discovery**

The Defendant argues that the "Plaintiff should also not be compensated for work spent on discovery, as such work was unnecessary to the resolution of this case" because discovery was premature and because the Plaintiff appears to have conducted such discovery after the Plaintiff received the Defendant's offer of judgment. Doc. 11 at 18-19. But again, the Court cannot find that two hours of discovery work, even at the early stages of litigation, was excessive prior to an agreement being reached. Further, the Plaintiff asserts that her counsel drafted the discovery before receiving the offer of judgment, based on receiving an answer contesting the Plaintiff's claims. Doc. 12 at 8.

Accordingly, the Court finds that the Plaintiff's claim for two hours is reasonable.

**H. Clerical Work**

Finally, the Defendant argues that 3.7 hours should be denied because client intake, preparing a cover sheet and exhibits to a complaint, and filing a summons constitute clerical work. Doc. 11 at 19-20. The Plaintiff's skeletal response follows:

> Contrary to the [Defendant]'s contention, the filing of an executed summons and complaint is work traditionally performed by an attorney, and not clerical work. In federal court, a Pacer [sic] login is required. That login is only provided to licensed attorneys who are also admitted to the court they are filing in.

Doc. 12 at 9. But even if filing must be done by an attorney, the Plaintiff does not dispute the Defendant's claim that the rest of these attorney's fees and costs are merely administrative. Nor does the Plaintiff attempt to adjust the rate to secretarial or paralegal rates; she claims the full attorney rate of $250 per hour. It appears that the vast majority of this work is clearly administrative, and is also not worth $250 per hour.

Accordingly, the Court finds that the 3.7 hours claimed by the Plaintiff is not reasonable, and instead 0.1 hours is reasonable.

### III. CONCLUSION

For the reasons discussed above, the Plaintiff's Motion (Doc. 10) is **GRANTED in part** and **DENIED in part**, and the Court finds that the Plaintiff's request should be reduced by 7.1 hours; the Defendant owes the Plaintiff $5,825 (23.3 hours at $250 per hour) in reasonable attorney's fees and $431.24 in reasonable costs. Accordingly, the Defendant is **ORDERED** to pay the Plaintiff $6,256.24.

**SO ORDERED**, this 25th day of September, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT